## Walker v. Cosgrove.

(Decided June 19, 1925.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Vendor and Purchaser—Purchaser of Land Not Entitled to Possession Against Lessee, of Whose Lease He Had Notice.—Purchaser of land held not entitled to possession as against one claiming under unrecorded written lease, of which purchaser had notice, except for breach of conditions of lease.

2. Landlord and Tenant—Tenant Not Obligated, Under Agreement to Keep in Repair, to Restore Property in Dilapidated Condition.—Under lease containing agreement, to keep property in good repair and cause or permit no waste, where property was in bad shape and drainage pipes in dilapidated condition at time tenant executed lease, he was not obligated thereunder to restore pipes or add new ones where none had been before.

S. D. ROUSE for appellant.

R. C. SIMMONS for appellee.

OPINION OF THE COURT BY· JUDGE SAMPSON—Affirming.

The defendant, Cosgrove, was found not guilty both in the magistrate's court and in the Kenton circuit court, of the forcible detainer charge against him. Walker, the landlord, prosecutes this appeal.

In May 1921, George C. Perkins, the then owner of the property in contest, leased it to appellee, Cosgrove, "for a term of five years from the 1st day of January, A. D., 1921, at the price of $60.00 per month, payable on the first day of each month without demand or notice." Some two or three years afterwards Perkins sold the property to appellant, Walker, and made him a deed. At that time appellee, Cosgrove, was in possession of the property by himself and tenants and had kept his rents paid up promptly. The lease contract was not of record and this is one of the grounds upon which appellant Walker relies for a reversal of the judgment. Walker knew, however, as he confesses, that appellee, Cosgrove was in possession under a lease contract at the time he purchased the place. After receiving the deed Walker sent a letter to Cosgrove notifying him of the fact that· he had purchased the place and also, telling him that the rent would be $125.00 per month thereafter. The tenant sent his check for $60.00 to Walker, as landlord, at the first of the next month, but this was returned by Walker, because it was not for $125.00. Quite a number of letters passed between Walker and Cosgrove during the months of May and June, immediately following the purchase of the property by Walker. These letters show that it was the purpose of Walker to raise the rents on Cosgrove, and in case he did not submit to the raise to oust him. Cosgrove called the attention of Walker in more than one letter to the fact he had a written lease contract for a term of years extending up to 1926, at the price of $60.00 per month. This forcible detainer proceeding was not instituted until September, and then it was based upon the failure of appellee, Cosgrove, to pay his rents on the first of the month, and upon his failure to make repairs in accordance with the provisions of the written contract, reading:

"Said tenant agrees to take good care of said property, to cause or permit no waste, to pay all ordinary repairs, to permit no damage by escape or freezing of water in the plumbing or pipes."

Appellant Walker contends that Cosgrove as tenant failed to pay for all ordinary repairs and permitted the house to be damaged by a defective drain pipe.

According to the evidence the house was in very bad condition at the time Perkins leased it to Cosgrove; that the drain pipe of which appellant Walker now complains was then in a dilapidated condition. It is also proven that appellee Cosgrove paid or offered to pay his rent on the first of each month and it was refused by appellant Walker because the check was for only $60.00 when he demanded $125.00 per month.

Appellant, Walker, was not entitled to possession of the premises at the time he instituted the forcible detainer proceedings unless appellee, Cosgrove, had violated the rental contract by failing to make repairs, or, to pay the rents in accordance with its terms. As the property was in bad shape and the drainage pipes were in a dilapidated condition at the time appellee, Cosgrove, leased the place from Perkins, we do not think he was obligated under his contract to restore the water pipe. It was at the rear of the house leading from the gutter to the ground. It was not the duty of the tenant to add a drain pipe where none had been before, or to make new one that had decayed and was useless at the time he went into possession, but only to make ordinary repairs such as resulted and were made necessary by and from reasonable use of the premises. Moreover, we consider this claim of appellant Walker as an afterthought. He did not demand possession of the premises when he first purchased the place but only an increase of rental, and when the tenant did not consent to pay the increased rate appellant fell upon a plan to oust him from possession by asserting that he had violated his contract partly in order, no doubt, to compel Cosgrove, as tenant, to pay the increased rental. This is all borne out by the letters which passed between Walker and Cosgrove and their representatives. There is likewise no merit in appellant Walker's claim that the appellee, Cosgrove, failed to pay the rents upon the first of the month. He either paid or offered to pay the rents as they fell due, and Walker declined to receive the checks because they were for $60.00 instead of $125.00. From the evidence, as we find it in the record, we are not surprised that the jury in the magistrate's court found against appellant,

Walker, nor that the learned trial judge of the Kenton circuit court directed the jury to find and return a verdict in favor of Cosgrove. There was no error in this.

Wherefore, the judgment is affirmed.